'jTuRuey, J.
delivered the opinion ol the court.;
This bill is filed to foreclose a mortgage for two tracts of land, executed on the 12th day of February, 1834, by Alfred Mims to Albert Mims, which mortgage was not registered until the 9th day of January, 1838, after the death of both mortgagor and mortgagee. A decree to foreclose is resisted on several grounds:
1. It is contended, that because the deed was not registered as the law requires, it is void as against creditors and subsequent purchasers without notice; and that inasmuch as there may be those in existence who are not before the court, no decree ought to be rendered. To this the answer is that if there be such persons there is no necessity to make them parties to the bill. They claim in different rights, have no connection whatever with this transaction, and no decree that may be made in the present case can in any wise affect them.
2. It is said that it appears that previous to the mortgage from Alfred Mims to Albert Mims the same lands were mortgaged to James Scruggs, and that he ought therefore to have been made a party. To this objection the same answer which is given to the first applies with equal force. He is no party to this mortgage, and a decree between the present complainants and defendants as to him will be res inter alios acta, and therefore have no effect whatever upon his rights.
3. It is contended that inasmuch as the widow of the mortgagor is entitled to dower in the equity of redemption, she ought to have been made a party. We do not think this necessary. “Upon the death of the husband,” as this court has said in the case of Thompson vs. Stacy, 10 Yerger, 494, “his real estate descends to his heirs at law, who have the undivided seizin till an assignment of dower has been made, and who alone can bring suits to recover the possession and for injuries done to the estate.” If, then, the wife cannot be a party plaintiff she need not be a party defendant; and this principle applies as well to suits in equity concerning equitable rights to real estate as it does to suits at law. Whatever rights a widow may have may always be enforced against *431 the tenant of the freehold, if it be to the land itself, and against the trustee of the fund if it be to a portion of money received for lands of which she would have been endowable had they remained in kind.
These are the material objections taken to the decree of the chancellor. Inasmuch as none of them are available, the decree will be affirmed.